# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 5:25 pm, Oct 21, 2013

In the matter of:                                )
                                                 )      Chapter 13 Case
ALLEN, EDWARD LAMAR                              )
                                                 )      Number <u>09-60216</u>
                    *Debtor*                     )

## OPINION AND ORDER APPROVING SETTLEMENT AND REDUCING SPECIAL COUNSEL'S FEES

Before the Court is Debtor's Motion to Approve Settlement of Personal Injury Claim and Disbursement of Proceeds. Dckt. No. 67. Debtor filed his Chapter 13 case on March 16, 2009. Dckt. No. 1. On October 8, 2012, Debtor suffered personal injuries as a result of an automobile collision caused by a third party. Dckt. No. 67. On August 14, 2013, attorney Michael Hostilo ("Special Counsel") filed a Motion to Approve Employment of Counsel for Settlement of Debtor's Personal Injury Claim ("Application to Employ"). Dckt. No. 66. This Court entered an Order granting his application and appointing him as special counsel on August 20, 2013. Dckt. No. 71.

The liability carrier for Debtor's personal injury claim has offered him a settlement in the amount of $17,300.00, subject to Court approval, and Debtor argues that this settlement is reasonable under the circumstances and should be

1

approved. Dckt. No. 67. Of the settlement amount, Debtor proposes that $989.00 be paid to Chatham Radiology, $1,129.00 to Evans Emergency Group, $4,325.00 in attorney's fees, and $69.40 in attorney's expenses, with the remainder to be paid to Debtor. Id. Debtor's schedules were amended on June 18, 2013, to reflect Debtor's interest in the personal injury claim. Dckt. No. 58.

This matter came on for hearing on October 10, 2013. At the hearing, the Chapter 13 Trustee (the "Trustee") requested that the Court reduce Special Counsel's fees for failure to timely file his Application to Employ and disclose the personal injury settlement. The Application to Employ was filed over ten months after the accident and almost three months after the Court entered an Order Discharging Debtor. Dckt. Nos. 56 and 66. Debtor stated at the hearing that Special Counsel was hired only one day after the accident, and that Debtor informed Special Counsel he was in bankruptcy early on. Further, the settlement was reached nearly six months prior to the filing of the Application to Employ. The Court provided Special Counsel the opportunity to explain the delay, and Special Counsel admitted that it was a mistake and that the delay was the law firm's fault.

The Trustee argued that Special Counsel's delay engendered multiple motions by the Trustee, including an Objection to Debtor's Amended Claim of Exemptions, which had to later be withdrawn, and a Motion to Set Aside Discharge. Dckt. Nos. 59, 60 and 84. The Trustee further stated that Special Counsel was not

2

responsive to requests from the Trustee's office to garner information on the settlement progress. No other objections to the Motion to Approve Settlement were raised.

The Court finds that the settlement amount is reasonable and should be approved. However, the Court also finds that counsel's fees should be reduced by $2,000.00. "The bankruptcy court has the broad power and discretion to award or deny attorney fees, and indeed, a duty to examine them for reasonableness." Tri-State Financial, LLC v. Lovald, 525 F.3d 649, 656 (8th Cir. 2008) (citing In re Clark, 223 F.3d 859, 862 (8th Cir. 2000) (internal quotations omitted)). Further, pursuant to § 330(a)(2) of the Bankruptcy Code, the Court may "on its own motion or on the motion of . . . any party in interest, award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2). 11 U.S.C. § 105(a) also provides authority for the Court to reduce attorneys fees. In re Carpenter, 392 B.R. 97, 106 (Bankr. D. Vt. 2008) ("[B]ankruptcy courts have both the power to increase or reduce professional fees sua sponte, which follows from the wording of § 330(a) and § 105(a), and the duty to do so based on the 'court's inherent obligation to monitor the debtor's estate and to serve the public interest.'") (quoting In re Busy Beaver Bldg. Ctrs., Inc. 19 F.3d 833, 841 (3d Cir. 1993)). Here, I find that Special Counsel's fees are unreasonable in light of the substantial delay in filing his Application to Employ. Special Counsel provided no reasonable explanation for the delay, and thus, a reduction in compensation is warranted.

3

AO 72A
(Rev. 8/82)

reduction in compensation is warranted.

Accordingly, IT IS THE ORDER OF THIS COURT that

Debtor's Motion to Approve Settlement of Personal Injury Claim and Disbursement of

Proceeds is GRANTED IN PART. All disbursements in the Motion are hereby

approved, with the exception of Special Counsel's fees, which shall be reduced by

$2,000.00. Accordingly, the net amount to Debtor will be $12,787.60.

Edward J. Coleman, III
United States Bankruptcy Judge

Dated at Savannah, Georgia

This $21st$ day of October, 2013.

4